UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN J. REED
    Plaintiff

v.                                 CASE NO.: 6:20-cv-597

CAR WASH HEADQUARTERS, INC.
d/b/a MISTER CARWASH,
A Foreign Profit Corporation,
    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JOHN J. REED, (hereinafter "REED") by and through his undersigned counsel, hereby sues Defendant, CAR WASH HEADQUARTERS, INC. d/b/a MISTER CARWASH (hereinafter, "MISTER CARWASH"), and alleges the following:

**JURISDICTION AND VENUE**

1. This is an action by REED, against his former employer pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.*, and breach of contract. REED seeks damages for, unpaid minimum wage, liquidated damages, and reasonable attorney fees and costs.

2. The unlawful employment practices and breach of contract alleged below were committed within Brevard County, Florida. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1367.

3. At all times material herein, REED is and has been a resident of Brevard County, Florida.

4. At all times material hereto MISTER CARWASH is and has been a Florida corporation and has conducted business in Brevard County, Florida.

5. MISTER CARWASH is an employer as defined by the FLSA 29 U.S.C. § 203 because it hired and directed REED to perform work for its benefit. At all times material, MISTER

1

CARWASH is conducting business in the State of Florida. MISTER CARWASH hires, controls, and manages employees in furtherance of its business needs.

6. MISTER CARWASH is engaged in interstate commerce as defined by 29 U.S.C. § 206(a) and 207(a)(1), because it has made over $500,000.00 in gross sales and/or is engaged in commerce with businesses and individuals outside the State of Florida during the time period in which the REED was employed.

7. At all times material hereto, REED was employed by MISTER CARWASH and was an employee within the meaning of the FLSA, 29 U.S.C. 203(e)(1).

## COUNT II:
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW

8. REED re-alleges and incorporates paragraphs 1 through 7 of this Complaint as set forth in full herein.

9. The action is brought pursuant to the employment relationship of the parties in regards to unpaid overtime wages.

10. Pursuant to 29 CFR §778.200 and § 778.208, MISTER CARWASH was required to pay REED overtime compensation which included his non-discretionary bonuses in his regular rate of pay.

11. MISTER CARWASH failed to compensate REED at the proper overtime rate.

12. MISTER CARWASH paid REED an overtime rate which excluded his earned production bonuses.

13. In or about October 2015, REED began working for MISTER CARWASH.

14. REED worked as an employee for the MISTER CARWASH.

15. REED worked as an employee earning $ 8.00 an hour plus production bonuses.

2

16. MISTER CARWASH is not exempt from the overtime wage provision of the FLSA. Failing to pay REED at a rate not less than one and one half time his regularly hourly rate including bonuses in the regular rate of pay for those hours worked in excess of forty (40) in a workweek is a violation of the Fair Labor Standards Act.

17. MISTER CARWASH's actions were intentional, reckless or malicious.

18. MISTER CARWASH's actions were willful and not in good faith.

19. MISTER CARWASH did not have a good faith basis for his decision not to pay REED his unpaid overtime wages.

20. As a direct, foreseeable, and proximate cause of MISTER CARWASH's actions REED has been damaged.

21. Specifically, MISTER CARWASH is liable to REED for unpaid overtime wages, liquidated damages, and attorney fees and costs in conjunction with this action.

**WHEREFORE**, REED pray for judgment against MISTER CARWASH for all damages to which he may be entitled, including, but not limited to:

A. Unpaid overtime wages found to be due and owing;

B. An additional and equal amount of liquidated damages;

C. An award of reasonable attorney's fees and all costs incurred herein; and

D. All other damages to which REED may be entitled

### DEMAND FOR JURY TRIAL

JOHN J. REEDs demand a jury trial on all issues herein triable by jury.

Respectfully submitted on this 8th day of April 2020.

ARCADIER, BIGGIE, &WOOD, PLLC

/s/Joseph C. Wood, Esquire
Maurice Arcadier, Esquire
Florida Bar No. 0131180
Joseph C. Wood, Esquire
Florida Bar No.: 0093839
Attorneys for JOHN J. REED
815 W. New Haven, Suite 304
Melbourne, Florida 32904
Primary Email: office@abwlegal.com
Secondary Email: arcadier@abwlegal.com
Phone: (321) 953-5998
Fax: (321) 953-6075