UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOHN J. REED,**
                **Plaintiff**

v.                                   **CASE NO.: 6:20-cv-00597**

**CAR WASH HEADQUARTERS, INC.
d/b/a MISTER CARWASH, A Foreign
Profit Corporation,**
                **Defendant**
_____/

**DEFENDANT'S ANSWER AND STATEMENT OF DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

        Defendant CAR WASH HEADQUARTERS, INC., d/b/a MISTER CARWASH, a Foreign Profit Corporation ("Defendant"),[1] by and through its undersigned counsel, hereby files its Answer and Statement of Defenses to Plaintiff's Amended Complaint and Demand for Jury Trial ("Amended Complaint") and states as follows:

**JURISDICTION AND VENUE**

        1.     Defendant admits that Plaintiff has alleged a violation of the law against Defendant and that Plaintiff is seeking damages for that alleged violation of law. Defendant denies that it is liable to Plaintiff or that Plaintiff is entitled to any relief whatsoever.

        2.     Defendant admits that venue is proper with this Court and denies all remaining allegations in Paragraph 2 of the Amended Complaint.

---

[1]     Defendant notes that its correct d/b/a is "Mister Car Wash."

3. On information and belief, Defendant admits the allegations in Paragraph 3 of the Amended Complaint.

4. Defendant admits that it is a foreign corporation authorized to conduct business in the State of Florida, an employer under the Fair Labor Standards Act ("FLSA"), and that it has operated a car wash in Brevard County since approximately November 2015. Defendant denies that it is a Florida corporation.

5. Defendant admits the allegations in Paragraph 5 of the Amended Complaint.

6. Defendant admits the allegations in Paragraph 6 of the Amended Complaint.

7. Defendant admits the allegations in Paragraph 7 of the Amended Complaint.

8. On information and belief, Defendant admits the allegations of Paragraph 8 of the Amended Complaint.

## GENERAL ALLEGATIONS

9. Defendant admits the allegations of Paragraph 9 of the Amended Complaint.

10. Defendant admits the allegations of Paragraph 10 of the Amended Complaint.

11. Defendant admits the allegations of Paragraph 11 of the Amended Complaint.

12. Defendant admits the allegations of Paragraph 12 of the Amended Complaint.

13. Defendant admits the allegations of Paragraph 13 of the Amended Complaint.

14. Defendant admits that during Plaintiff's employment, Defendant compensated him by paying him a combination of an hourly rate of pay and sales commissions. Defendant denies the remaining allegations in Paragraph 14 of the Amended Complaint.

15. Defendant admits that during Plaintiff's employment, Plaintiff worked more than 40 hours in a workweek during several workweeks. Defendant denies the remaining allegations set forth in Paragraph 15 of the Amended Complaint and affirmatively alleges that it properly compensated Plaintiff as required by the FLSA.

16. Defendant admits that it paid sales commissions to Plaintiff during the period between March 2017 and August 2019. Defendant denies the amount and remaining allegations set forth in Paragraph 16 of the Amended Complaint, and affirmatively alleges that it properly compensated Plaintiff as required by the FLSA.

17. Defendant denies the allegations set forth in Paragraph 17 of the Amended Complaint and affirmatively alleges that it properly compensated Plaintiff as required by the FLSA.

18. Defendant denies the allegations set forth in Paragraph 18 of the Amended Complaint, and affirmatively alleges that it properly compensated Plaintiff as required by the FLSA.

19. Defendant admits that Plaintiff's hourly rate increased to $8.00 per hour plus sales commissions during his term of employment, denies the remaining allegations set forth in Paragraph 19 of the Amended Complaint, and affirmatively alleges that it properly compensated Plaintiff as required by the FLSA.

20. Defendant admits the allegations set forth in Paragraph 20 of the Amended Complaint.

21. Defendant admits that Plaintiff was compensated as stated on his pay statement for the week of February 9, 2020.

22. Defendant admits that Plaintiff was compensated as stated on his pay statement for the week of February 9, 2020.

23. Defendant admits that Plaintiff was compensated as stated on his pay statement for the week of February 9, 2020 and denies all remaining allegations set forth in Paragraph 23 of the Amended Complaint. Defendant affirmatively alleges that Plaintiff was exempt from the FLSA's requirements for overtime during the relevant time period and further affirmatively alleges that it properly compensated Plaintiff as required by the FLSA.

24. Defendant admits the allegations set forth in Paragraph 24 of the Amended Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Amended Complaint. Defendant affirmatively alleges that Plaintiff was exempt from the FLSA's requirements for overtime during the relevant time period and further affirmatively alleges that it properly compensated Plaintiff as required by the FLSA.

## GENERAL ALLEGATIONS

26. Defendant restates and incorporates by reference its answers to Paragraphs 1 through 25.

27. Defendant admits Plaintiff has asserted that he has brought this action regarding payment of overtime wages that he claims to be unpaid arising from his employment relationship with Defendant.

28. Paragraph 28 of the Amended Complaint states a legal conclusion and is neither admitted nor denied. Defendant alleges affirmatively that the work performed by Plaintiff falls within the exemptions provided for in Section 7(i) of the FLSA, 29 U.S.C. § 213(e)(7)(i) and as expounded in 29 C.F.R. § 779.419.

29. Defendant denies the allegations in Paragraph 29 of the Amended Complaint. Defendant alleges affirmatively that the work performed by Plaintiff falls within the exemptions provided for in Section 7(i) of the FLSA, 29 U.S.C. § 213(e)(7)(i) and as expounded in 29 C.F.R. § 779.419.

30. Defendant admits that Plaintiff was compensated as stated on his pay statements for the relevant time period and denies all remaining allegations set forth in Paragraph 30 of the Amended Complaint. Defendant affirmatively alleges that Plaintiff was exempt from the FLSA's requirements for overtime during the relevant time period and further affirmatively alleges that it properly compensated Plaintiff as required by the FLSA.

31. Defendant admits that Plaintiff was compensated as stated on his pay statements for the relevant time period and denies all remaining allegations set forth in

Paragraph 31 of the Amended Complaint. Defendant affirmatively alleges that Plaintiff was exempt from the FLSA's requirements for overtime during the relevant time period and further affirmatively alleges that it properly compensated Plaintiff as required by the FLSA.

32. Defendant denies the allegations in Paragraph 32 of the Amended Complaint. Defendant alleges affirmatively that the work performed by Plaintiff falls within the exemptions provided for in Section 7(i) of the FLSA, 29 U.S.C. § 213(e)(7)(i) and as expounded in 29 C.F.R. § 779.419.

33. Defendant denies the allegations in Paragraph 33 of the Amended Complaint and further affirmatively alleges that it properly compensated Plaintiff as required by the FLSA.

34. Defendant denies the allegations in Paragraph 34 of the Amended Complaint. Defendant alleges affirmatively that actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

35. Defendant denies the allegations in Paragraph 35 of the Amended Complaint. Defendant alleges affirmatively that the work performed by Plaintiff falls within the exemptions provided for in Section 7(i) of the FLSA, 29 U.S.C. § 213(e)(7)(i) and as expounded in 29 C.F.R. § 779.419 and that actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon

written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

36. Defendant denies the allegations in Paragraph 36 of the Amended Complaint and alleges affirmatively that actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

37. Defendant denies the allegations in Paragraph 37 of the Amended Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Amended Complaint.

Defendant denies that Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph following Paragraph 38, including subparagraphs (A) through (D), of Plaintiff's Amended Complaint, or to any other relief from Defendant.

## **DEMAND FOR TRIAL BY JURY**

Defendant admits Plaintiff demands a jury trial on all issues triable in Plaintiff's Amended Complaint. Defendant denies any liability or wrongdoing or that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Defendant specifically denies each and every allegation of Plaintiff's Amended Complaint not specifically admitted herein.

## STATEMENT OF DEFENSES

As separate defenses, and without conceding Defendant bears the burden of proof or persuasion as to any of them, Defendant alleges as follows:

## FIRST DEFENSE

Plaintiff fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's FLSA claim is barred as Plaintiff was compensated for all hours suffered or permitted to work in accordance with the FLSA.

## THIRD DEFENSE

Plaintiff's claim for unpaid overtime is barred, in whole or in part, to the extent the work performed falls within the exemptions provided for in Section 7(i) of the FLSA, 29 U.S.C. § 213(e)(7)(i) and as expounded in 29 C.F.R. § 779.419.

## FOURTH DEFENSE

Plaintiff's FLSA claim should be dismissed to the extent that he failed to raise concerns about alleged improper payment pursuant to the FLSA.

## FIFTH DEFENSE

Plaintiff's FLSA claim is barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon

written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### SIXTH DEFENSE

Defendant at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that its actions did not violate the statutes cited in the Amended Complaint, and Defendant asserts a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages.

### SEVENTH DEFENSE

Plaintiff's FLSA claim may be barred in whole or part by the applicable statute of limitations, after acquired evidence doctrine or the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

### EIGHTH DEFENSE

Plaintiff's FLSA claim, if any, is governed by a two-year statute of limitations under 29 U.S.C. § 255(a), because Defendant's actions were not willful. Alternatively, even if Defendant's conduct is found to be willful, a three-year statute of limitations would apply. Either way, Plaintiff's FLSA claim is time-barred in whole or in part to the extent any relief is sought beyond the applicable statute of limitations.

### NINTH DEFENSE

To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the statute of limitations period set forth in the FLSA, such claims are barred.

## TENTH DEFENSE

To the extent any overtime wages are due Plaintiff, which Defendant denies, Defendant's failure to provide overtime compensation was in good faith based upon the number of hours Plaintiff reportedly worked in each work week and the commissions due to Plaintiff related to his efforts in that work week. As such, Defendant had reasonable grounds for believing the hours Plaintiff reportedly worked and commissions due were accurate and any consequent non-payment of overtime compensation was not in violation of the FLSA or willful.

## ELEVENTH DEFENSE

To the extent any overtime wages are due Plaintiff, which Defendant denies, Defendant's reliance upon Plaintiff to accurately record the hours he reportedly worked (and any consequent non-payment of overtime compensation) was in good faith and not in willful disregard of the FLSA's requirements.

## TWELFTH DEFENSE

Plaintiff's FLSA claim is barred, in whole or in part, by the doctrines of estoppel and unclean hands to the extent Plaintiff's own conduct resulted in him not being compensated in accordance with the FLSA.

## THIRTEENTH DEFENSE

To the extent Plaintiff suffered a loss of wages, Defendant is entitled to offset any unpaid wages with other wages, compensation or benefits paid to Plaintiff.

## FOURTEENTH DEFENSE

To the extent Plaintiff seeks an award of liquidated damages, such damages are

unavailable under applicable law and/or are barred based on Defendant's good faith efforts to comply with the law.

### FIFTEENTH DEFENSE

Plaintiff's FLSA claim is barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

### SIXTEENTH DEFENSE

Plaintiff's FLSA claim is barred, in whole or in part, by the doctrine of *de minimis non curat lex*.

### RESERVATION

Defendant reserves the right to move this Court to amend the foregoing defenses and/or add defenses based on information obtained during discovery.

WHEREFORE, Defendant requests:

1. That judgment be entered in favor of Defendant and against Plaintiff;

2. That the Complaint be dismissed with prejudice;

3. That Defendant be awarded its costs; and

4. That Defendant be granted such other and further relief as this Court may deem just and proper.

Dated this 20th day of July, 2020.

    Respectfully submitted,

    ABBE M. GONCHARSKY, PLLC
    6281 N. Oracle Rd. #35397

          Tucson, Arizona 85740
          Telephone: (520) 729-1400
          Facsimile: (520) 729-1401

          LITTLER MENDELSON, P.C.
          111 North Orange Avenue
          Suite 1750
          Orlando, Florida 32801
          Telephone: (407) 393-2900
          Facsimile: (407) 393-2929

    By:  /s/Abbe M. Goncharsky
          Abbe M. Goncharsky, Esq.
          *On Special Admission to the United States District Court for the Middle District of Florida*
          Email: abbe@amglawaz.com

          Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 20th day of July, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a copy via email to the following: Maurice Arcadier, Esquire, Joseph C. Wood, Esquire, Arcadier Biggie, & Wood, PLLC, 815 W. New Haven Ave Ste. 304, Melbourne, FL 32904; email: office@abwlegal.com and arcadier@abwlegal.com.

          /s/ Abbe M. Goncharsky
          Abbe M. Goncharsky